Affirmed and Memorandum Opinion filed October 7, 2003













Affirmed and Memorandum Opinion filed October 7, 2003.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00712-CV

_______________

 

XIU JUAN CHEN, Appellant

 

V.

 

RALPH BAUGHMAN, INDIVIDUALLY, and
RALPH BAUGHMAN

FAMILY LIMITED PARTNERSHIP, Appellees

                                                                                                                                               


On Appeal from the 234th District

Harris County, Texas

Trial Court Cause No. 01-35122

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Xiu Juan Chen appeals a summary judgment in favor of defendants Ralph
Baughman and the Ralph Baughman Family Limited Partnership on the ground that
her claims are barred by a prior judgment. 
The facts of this appeal are known to the parties, so we do not recite
them here.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  Tex. R. App. P. 47.1.  We affirm.








In a previous suit between Chen and her landlord, RB & RB
Investments, Inc. (ARB@), we affirmed a summary judgment that the lease placed the
duty to maintain electrical wiring (the undisputed cause of the fire) on Chen,
and a jury verdict against her awarding RB $78,000 for loss of contents and
rent.  See Chen v. RB & RB Invs., Inc., No. 14-02-00178-CV, 2003 WL 297674  (Tex. App.CHouston [14th Dist.] Feb.
 13, 2003, no
pet. h.).  In this suit, Chen asserts in
nine causes of action the following claims:

1.                 
misrepresentations that the real property belonged to
RB;

2.                 
misrepresentations that the personal property (contents)
belonged to RB;

3.                 
breached warranties and representations resulting in
the fire;

4.                 
conversion of insurance proceeds; and

5.                 
misrepresentations that Chen=s
tenancy would be restored.

In their motion in this
case, the defendants asserted both res judicata (claim preclusion) and collateral estoppel (issue preclusion).  According to the latter doctrine, if Chen=s claims in this suit involve elements
already decided against her in the first suitCelements
actually litigated, essential to the judgment, and identicalCher claims in this suit are
barred.  Johnson & Higgins of Tex.,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 521
(Tex. 1998).








In our earlier opinion, we
affirmed the jury=s verdict
awarding lost rent to RB from the fire, see Chen v. RB, 2003 WL 297674,
at *2; to the extent Chen=s
claims require proof that the real property did not belong to RB (item 1), that
issue has been litigated and decided against her.[1]  In our earlier opinion, we affirmed the jury=s verdict awarding damages to RB for
loss of the contents, see id.; to the extent her claims require proof
that the contents did not belong to RB (item 2), that issue has been litigated
and decided against her.  In our earlier
opinion, we affirmed the trial court=s
summary judgment that fixing the faulty wiring was Chen=s
responsibility, see id. at *1; to the extent her claims require proof
that the faulty wiring was someone else=s
fault (item 3), that issue has been litigated and decided against her.  We also noted in our earlier opinion that
Chen received $30,000 in insurance proceeds for lost business, did not contest
RB=s receipt of $151,000 for damage to the
building, and only contested who should get the $60,000 for loss of contents
(an issue the jury decided against her), see id.; to the extent her
claims require proof of conversion of insurance proceeds (item 4), that issue
has been litigated and decided against her. 


In her brief, Chen
concentrates almost entirely on the last remaining claimCthat
her health was injured when the defendants refused to relet
the premises to her (item 5).  That claim
must be based on a contractual right in the lease,[2]
and would normally lie against her landlord (RB).  To bring the claim against the defendants,
she alleged various alter ego theories. 
But proof that the defendants controlled RB would prove that all three
were in privity. 
See HECI Exploration Co. v. Neel, 982
S.W.2d 881, 890 (Tex. 1998).  Chen=s
claim would then be precluded by res judicata (the other summary judgment ground raised by
defendants), as her claim could have been raised in the prior suit against a
party in privity with the defendants.  See Amstadt v.
U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex.
1996).

We
affirm the judgment of the trial court.

 

 

 

/s/        Scott
 Brister

Chief Justice

 

Judgment rendered
and Memorandum Opinion filed October 7, 2003.

Panel consists of
Chief Justice Brister and Justices Fowler and Edelman.

 











[1]           In her
Second Amended Answer in the first suit, Chen made the same allegation that RB
misrepresented that it was the owner of the property.





[2]           Chen
asserts that she agreed to release insurance proceeds for damage to the
building only upon receiving assurances that the building would be rebuilt and relet to her.  But as
she concedes she was not the building owner, she gave up nothing in releasing
any claims to those proceeds, and thus suffered no reliance based on the
alleged misrepresentations.  Accordingly,
any claim to a right to re-enter the premises must be based on her contract.